# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**REDSTONE INTERNATIONAL,
INC.,**

        Plaintiff,

v.                                     **CIVIL ACTION NO. 5:18-CV-175
(BAILEY)**

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY,** and **THE INSURANCE
MARKET, INC.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COMPLAINT

Pending before this Court is the Motion of Liberty Mutual Fire Insurance Company to Dismiss Amended Complaint [Doc. 39], which was filed on August 16, 2019. The Motion has been fully briefed and is ripe for decision. For the reasons that follow, the Motion will be **DENIED**.

## BACKGROUND

This case arises out of an insurance policy obtained by plaintiff Redstone International, Inc. ("Redstone"), from defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") and brokered through defendant The Insurance Market, Inc. According to plaintiff's amended complaint, in September 2014 plaintiff was awarded a portion of a contract for a project in Mobley, West Virginia, located in Wetzel County; plaintiff was hired to perform work on a retaining wall by the general contractor, J.F. Allen Company. [Doc.

35 ¶ 10]. Pursuant to its subcontract, plaintiff contacted defendant The Insurance Market, Inc., requesting insurance. [Doc. 35 ¶ 12, Doc. 35-1]. The insurance policy subsequently issued to plaintiff was through defendant Liberty Mutual [Doc. 35 ¶ 15].

In April 2015, after the insurance policy from Liberty Mutual had taken effect, problems occurred with the retaining wall which would be the subject of several disputes. [*Id.* ¶¶ 42, 50-52]. As the plaintiff summarizes in the amended complaint, "[t]he resulting repairs and damage to the retaining wall led to hostility and multiple lawsuits amongst many different entities." [*Id.* ¶ 50]. Two of those lawsuits are relevant to the plaintiff's claims in this suit.

First, an action was brought by plaintiff Redstone in this Court, *Redstone International Inc. v. J.F. Allen Company, et al.*, Civil Action No. 5:15-cv-113 ("the federal court action"). Following the filing of that case, a defendant in that case, J.F. Allen Company, brought a state court action which was subsequently removed to this Court and consolidated with the federal court action. That case proceeded with multiple cross-claims and counterclaims until this Court granted a motion for a stay of that action. [Civil Action No. 5:15-cv-113 Doc. 158]. At issue in the instant case are allegations from the federal court action against Redstone from both defendant J.F. Allen Company and fourth party plaintiff MarkWest Liberty Midstream & Resources, L.L.C. ("MarkWest") including negligence, breach of contract, breach of warranty, and demands to indemnify and insure J.F. Allen Company. [Doc. 35 ¶ 98].

Second, an action was brought against plaintiff Redstone in Wetzel County Circuit Court, *MarkWest Liberty Midstream & Resources, L.L.C. v. J.F. Allen Company;*

*AMEC Foster Wheeler Environment & Infrastructure, Inc.; Redstone International Inc.; Civil & Environmental Consultants, Inc.; and Coastal Drilling East, LLC*, Case No. 16-C-82 ("the state court action"). At issue in the instant case are allegations from the state court action against Redstone which largely overlap with claims in the federal court action. The plaintiff in that case, MarkWest, alleges negligence against Redstone; in a cross-claim, J.F. Allen Company alleges negligence and defects with Redstone's design and construction of a retaining wall; and Civil & Environmental Consultants, Inc. alleges negligence. [Doc. 35 ¶ 128-130].

In the instant case, Redstone contends that allegations in the pleadings of both the federal court action and the state court action should have triggered coverage and Liberty Mutual's duty to defend. [Doc. 35 ¶¶ 98, 123]. Thus, at issue in this case is whether Liberty Mutual has an obligation under the insurance policy it issued to Redstone to provide coverage for the claims in the above two cases. In Count I of its amended complaint, Redstone asks this Court to "declare that Liberty Mutual has an obligation to provide coverage for the claim(s)" against it in the federal court action. [*Id.* ¶ 78]. In Count II of its amended complaint, Redstone asks this court to "declare that Liberty Mutual has an obligation to provide coverage for the claim(s)" against it in the state court action. [*Id.* ¶ 116]. Both claims seek a declaratory judgment pursuant to W.Va. Code § 55-13-1. The other counts in the amended complaint are against defendant The Insurance Market, Inc. and are not relevant to Liberty Mutual's motion to dismiss.

On August 16, 2019, Liberty Mutual filed its motion to dismiss [Doc. 39]. In that motion, Liberty Mutual argues that Pennsylvania law governs the interpretation of the

3

insurance policy at issue, and that under Pennsylvania law, Redstone has failed to state a claim upon which relief can be granted. Liberty Mutual's motion to dismiss relies on the premise that Pennsylvania law governs plaintiff's coverage claims. Thus, this Court must examine which state's law governs the parties' insurance policy contract.

## **LEGAL STANDARD**

### I. **Motion to Dismiss**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (emphasis added)." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964-65, upheld the dismissal of a complaint where the

4

plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396-97.

## II. Choice of Law

"Pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the applicable law in a diversity case such as this is determined by the substantive law of the state in which a district court sits. This includes the forum state's prevailing choice of law rules." *Vitatoe v. Mylan Pharms., Inc.*, 696 F.Supp.2d 599, 604 (N.D. W.Va. 2010) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)). Under West Virginia law, "the interpretation of insurance policy coverage, rather than liability, is treated as a contract question for purposes of conflicts analysis." *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 182 W.Va. 580, 583, 390 S.E.2d 562, 565 (1990) (citing *Lee v. Saliga*, 179 W.Va. 762, 373 S.E.2d 345, 350 (1988)).

Applying West Virginia choice of law rules for contract law, the state of formation governs issues of interpretation of an insurance policy. West Virginia's "traditional contract conflict rule gives substantial deference to the state where the contract is made and where

it is to be performed, assuming both incidents occur in the same state. This rule is subject to two qualifications: (1) that the parties have not made a choice of applicable law in the contract itself; and (2) the law of the other state does not offend our public policy." *Lee v. Saliga*, 179 W.Va. 762, 373 S.E.2d 345 (1988). Likewise, "in a case involving the interpretation of an insurance policy, made in one state to be performed in another, the law of the state of the formation of the contract shall govern, unless another state has a more significant relationship to the transaction and the parties, or the law of the other state is contrary to the public policy of this state." *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 182 W.Va. 580, 583, 390 S.E.2d 562, 565 (1990).

Importantly, a court is typically in a better position to decide a choice of law issue after the parties have developed the factual evidence through the process of discovery. *See Advokatbyra v. eSCRUB Sys.*, 2011 WL 677053, *2 (E.D. Va. Feb. 15, 2011) (O'Grady) (finding that "the choice of law for . . . contract based claims should be determined with the benefit of a more complete record pending discovery"); *Arroyo v. Milton Academy*, 2011 WL 65938, *3 (D. Vt. Jan. 10, 2011) (Reiss) (declining to conduct "choice-of-law analysis" in a tort case because "it would be premature to resolve these questions before the completion of discovery"); *Graboff v. The Collern Firm*, 2010 WL 4456923, *8 (E.D. Pa. Nov. 8, 2010) (Slomsky) ("[C]onducting a . . . choice of law analysis is fact-intensive and context specific. Due to the complexity of this analysis, when confronted with a choice of law issue at the motion to dismiss stage, courts . . . have concluded that it is more appropriate to address the issue at a later stage in the proceedings.").

## ANALYSIS

Liberty Mutual puts forth three primary reasons why Pennsylvania law should apply. First, that Redstone is a Pennsylvania corporation with its principal place of business in Pennsylvania. [Doc. 39-1 at 13]. Second, that the insurance policy was issued to Redstone in Pennsylvania and applies to risks throughout the United States, Puerto Rico, and Canada. *Id.* Third, that the mere fact that the disputes arise out of a construction project located in West Virginia should not be enough to justify application of West Virginia law. *Id.*

In response, Redstone argues that discovery is required to determine in which state the contract was formed, and, as such, Liberty Mutual cannot show that the contract was formed in Pennsylvania. [Doc. 42 at 2]. Redstone contends that determining state of formation of the insurance policy contract "is a complex, fact-heavy determination, which is a material dispute between [p]laintiff and Liberty Mutual." [*Id.* at 6]. In support of the claim that the contract was formed in West Virginia, Redstone points to several allegations in the amended complaint which it contends are factors weighing in favor of West Virginia, including, among others, the location of the work to be insured, requirements of Redstone's performance of work that were known to Liberty Mutual, and an office in West Virginia that Redstone maintained during the negotiations for the insurance policy. [*Id.* at 6-7].

In reply on the issue of contract formation, Liberty Mutual argues that Redstone is attempting, and has failed, to create material factual disputes about where the insurance policy was issued. First, Liberty Mutual argues that although plaintiff claims to have maintained a West Virginia office, "the exhibits attached to the Amended Complaint

7

confirm every communication it made concerning its efforts to obtain the Liberty Mutual policy was from its principal office in Pennsylvania." [Doc. 43 at 3]. Second, Liberty Mutual repeats its argument that although the construction project that lead to Redstone's litigation was located in West Virginia, the insurance policy covers risks throughout the United States, Puerto Rico, and Canada. [*Id*. at 4]. Third, Liberty Mutual cites several places in the insurance policy and endorsements that refer to Pennsylvania or Pennsylvania law, which it contends evidence the state of formation. *Id*. Fourth, Liberty Mutual asserts that because defendant The Insurance Market, Inc., was acting as Redstone's agent, that The Insurance Market Inc.'s potential business locations in Maryland, Delaware, or West Virginia do not create a material factual dispute as to the formation of the contract between Liberty Mutual and Redstone. [*Id*. at 5]. Finally, Liberty Mutual contends that allegations cited by Redstone, including, among others, the location of the work to be insured, requirements of Redstone's performance of work that were known to Liberty Mutual, and the office in West Virginia that Redstone maintained during the negotiations for the insurance policy are irrelevant to the determination of where the contract was formed. [*Id*. at 5-6].

In short, Liberty Mutual contends that there is no genuine factual dispute as to the issue of what state the insurance policy contract was formed. [Doc. 43 at 3-6]. However, the issue is not whether there is a genuine dispute of material fact. At the motion to dismiss stage, the issue is whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 127 S.Ct. 1955, 1974 (2007). At this juncture, this Court finds it premature to determine the choice of law issues

concerning the formation of the insurance policy contract. The Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). The plaintiff has alleged facts that, if true, plausibly state a claim that the contract was formed in West Virginia.

## **CONCLUSION**

Upon consideration of the above, the Motion of Liberty Mutual Fire Insurance Company to Dismiss Amended Complaint **[Doc. 39]** is **DENIED**.

It is so **ORDERED**.

**DATED**: September 16, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE